UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RYAN PALENZUELA,  )<br>  )<br>   Plaintiff,  )<br>  )<br>v.  )<br>  )<br>CLEAR CHOICE POOL AND  )<br>SPA SERVICE LLC,  )<br>  )<br>   Defendant.  )<br>_____) | Case No.: |

# COMPLAINT

Plaintiff Ryan Palenzuela brings this case against Defendant Clear Choice Pool and Spa Service LLC seeking unpaid overtime wages and other available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff has asserted a federal claim pursuant to the FLSA.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this judicial district and a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## PARTIES

*Plaintiff*

3. Plaintiff Ryan Palenzuela is an adult resident of Howell, New Jersey. Mr. Palenzuela worked for Defendant as a pool technician. Plaintiff was not paid overtime

1

compensation for hours he worked in excess of 40 in a workweek even though he regularly worked more than 40 hours in a workweek.

4. At all relevant times, as employee of Defendant, Plaintiff was engaged in commerce or in the production of goods for commerce as described in 29 U.S.C. §§ 206 and 207.

*Defendant*

5. Defendant is a limited liability company located in Millstone Township, New Jersey.

6. At all relevant times, Defendant was an "enterprise engaged in commerce or the production of goods for commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s).

7. At all relevant times, Defendant has employed two or more persons, including Plaintiff, "engaged in commerce or in the production of goods for commerce," as defined in § 203(s)(1)(A)(i).

8. At all relevant times, Defendant achieved annual gross sales made or business done of not less than $500,000.00 in accordance with § 203(s)(1)(A)(ii).

9. Defendant issued paychecks to Plaintiff during his employment.

10. Defendant directed the work of Plaintiff and benefited from work performed that Defendant suffered or permitted from him.

11. Defendant did not pay Plaintiff overtime compensation for hours he worked for Defendant's benefit in excess of 40 hours in a workweek.

## FACTUAL ALLEGATIONS

12. From approximately August 2017 through June 2018, Plaintiff worked for Defendant as a pool technician.

13. At all relevant times, Defendant paid Plaintiff on an hourly basis.

14. Defendant tracked Plaintiff's hours worked by requiring him to clock in and out.

15. During the relevant time period, Plaintiff regularly worked more than 40, and often in excess of 60, hours per week. Defendant paid Plaintiff for up to 50 hours each workweek via paycheck, at his regular "straight time" hourly rate. Defendant paid Plaintiff in cash for hours over 50 in a workweek, also at his regular "straight time" hourly rate. He did not receive overtime compensation for hours worked over 40 in a workweek.

16. Through its unlawful actions, Defendant has deprived Plaintiff of overtime wages owed to him.

17. Defendant acted willfully in failing to pay overtime compensation to Plaintiff for hours worked over 40 in a workweek.  Defendant knew or should have known that Plaintiff should have been paid overtime compensation for all hours worked over 40 in a workweek.

## COUNT I - FAIR LABOR STANDARDS ACT

18. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as if alleged fully herein.

20. As set forth above, Defendant's failure to pay Plaintiff overtime compensation at a rate of one and one-half times his regular rate of pay owed to him during the three-year period preceding the filing of this Complaint violates the Fair Labor Standards Act, 29 U.S.C. § 207.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following relief:

A. An award of all damages for unpaid wages and compensation due to Plaintiff under the FLSA;

B. An award of liquidated damages pursuant to 29 U.S.C. § 216(b);

C. A finding that Defendant's violations of the FLSA have been willful and that, therefore, the statute of limitations for the FLSA claim is three years;

D. Attorneys' fees and costs;

E. Pre- and post-interest; and

F. Any other relief to which Plaintiff may be entitled.

Dated: July 25, 2018                          Respectfully submitted,

*/s/ Sofia Balile*
Sofia Balile, Esq.
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
sbalile@lemberglaw.com

*Attorney for Plaintiff*